IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LOUIS ALLIS, LLC

　　　　　　　　　　　Plaintiff,

　　　　v.

IDEAL ELECTRIC POWER CO.
(D/B/A THE IDEAL ELECTRIC
COMPANY),

　　　　　　　　　　　Defendant.

Civil Action No. 23-980-CFC

---

## MEMORANDUM ORDER

Pending before me is Plaintiff Louis Allis, LLC.'s Motion for Summary Judgment on its Affirmative Claims. D.I. 310. In its concise statement of material undisputed facts filed in support of its motion, Louis Allis states that "[i]n 1999, Louis Allis's predecessor, Rotating Specialists, Inc. ('RSI'), purchased assets relating to the Louis Allis Company's large A.C. induction motor business out of the Louis Allis Company's bankruptcy. The assets included engineering drawings and files and the trademarks and related goodwill for the Louis Allis name and LA logo." D.I. 313 ¶ 2. Defendant Ideal Electric Power Co. disputes "that the purchased assets included the trademarks and related goodwill for the Louis Allis name and LA logo" because "[a]t the time of RSI's purchase, the trademark

registrations for the Louis Allis name and LA logo had already been purchased by Louis Allis Hermetics, Inc." D.I. 335 ¶ 2. Ideal cites record evidence that appears on its face to support its position. *See* D.I. 308-7 at 1–2; D.I. 308-11 at 3.

Louis Allis also states that "[a]fter the 2004 [Asset Purchase Agreement], [National Oilwell Varco] never used the Louis Allis trademarks on any products." D.I. 313 ¶ 14. Ideal disputes this assertion, D.I. 335 ¶ 14, and cites record evidence that appears on its face to support its position, *see* D.I. 26-3 at 62.[1] Louis Allis argues that Ideal's proffered evidence does not constitute continuous use of a mark because it does not prove "use" of the trademarks. D.I. 348 at 5. I take Louis Allis's argument to be that Ideal has not put forth evidence of bona fide use of the marks by National Oilwell. "However, once minimal [evidence] suggests an ongoing program to exploit the mark commercially, the question of whether a

---

[1] Ideal also cites screenshots from the National Oilwell website captured by the "Wayback Machine." D.I. 26-3 at 4–48. The Wayback Machine is a "digital library maintained by the Internet Archive, a nonprofit organization." *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, 2019 WL 10248462, at *2 n.3 (D. Del. April 19, 2019). Louis Allis argues, and I agree, that the screenshots are not authenticated such that they would be admissible at trial. The Third Circuit has upheld authentication of Wayback Machine screenshots when accompanied by the testimony of someone who could explain the functionality and reliability of the database. *See, e.g.*, *United States v. Bansal*, 663 F.3d 634, 667 (3d Cir. 2011). The screenshots here are not accompanied by such a declaration but instead by the bald assertion of authenticity by Ideal's attorney and therefore are not admissible under Federal Rule of Evidence 901.

The National Oilwell brochure (D.I. 26-3 at 62) was not accessed via the Wayback Machine, so Louis Allis's evidentiary objection does not apply to that exhibit.

trademark's use in commerce is actually 'bona fide' is almost always one of material fact." *Ritz Hotel, Ltd. v. Shen Mfg. Co.*, 2009 WL 723394, at \*2 (E.D. Pa. March 17, 2009).  Here, Ideal has presented evidence of use, and a reasonable jury could determine that the use was bona fide.

Because there are disputed facts that Louis Allis has said are material to its motion for summary judgment, I will deny the motion.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

WHEREFORE, at Wilmington on this Thirtieth Day of April in 2026, Plaintiff Louis Allis, LLC's Motion for Summary Judgment (D.I. 310) is DENIED.

_____
CHIEF JUDGE